Grover, J.
The complaint alleges that the plaintiff had sold the stock and applied the proceeds upon the note, as security for the payment of which he held the stock as pledgee. The answer admits this, and alleges that such sale was tortious, for the reason that it was made without a previous demand of payment of the note, and without notice to the defendant of the time and place of sale, and therefore claims that the plaintiff was liable for a conversion of the stock. The counsel for the appellant insists that the plaintiff was precluded by the pleadings from showing that he had not sold and disposed of the stock. This position would have been unanswerable had it been taken upon the trial. But it was not then taken by the appellant. On the contrary, the plaintiff was permitted to prove what in fact had been done without objection. Had the objection then been made, the plaintiff could have moved to amend his complaint so as to conform to the facts; but there was no necessity for him to do this so long as no objection was made to the proof. Under these circumstances, the judge was right in determining the case from the facts proved, irrespective of the allegations in the pleadings. The judge found from the evidence that no personal notice was given to the defendant of the time and place at which said stocks would be sold or offered for sale. This finding is conclusive upon this court, as some evidence was given tending to sustain it, although an examination of all the-evidence shows that a different finding upon this point would, to say the least, have been as well warranted.
A creditor having personal property pledged to him by his debtor as security for the debt must, before selling the same, call upon the debtor to redeem the pledge, and also give him notice of the time and place of sale. (Stearns v. Marsh, 4 Denio, 227.) It follows that, had the plaintiff sold the *235 stock in the absence of such demand of payment and notice, he would have been guilty of a conversion. But he did not in fact sell it. He placed it in the hands of an auctioneer for that purpose, who put it up for sale, and, no one bidding except the plaintiff, the auctioneer struck it off to him. The plaintiff being pledgee of the stock, and in that character exposing it for sale, could not become the purchaser unless the defendant assented to such purchase. (Story on Bailments, § 319; Torry v. Bank of Orleans, 7 Paige, 649; Hawley v. Cramer, 4 Cow., 736.) This sale to the plaintiff was not void, but voidable at the election of the defendant. (Edwards on Bailments, 260, 261.) The defendant was at liberty to ratify the sale, and had he done so it would have been valid for all purposes. The ratification would have made it lawful and relieved it from any imputation of being tortious as to him. The title of the plaintiff to the stock would have been thereby made perfect, and the defendant entitled to credit upon the note for the net proceeds of the sale. But the defendant has not done this, but has elected to treat the purchase by the plaintiff as illegal. This avoids the sale, and that being avoided by the defendant, the parties are remitted to their rights the same as though no sale had been attempted; the defendant is liable upon the note, and the plaintiff still holds the stock as pledgee.
The counsel for the appellant cites authorities showing that any interference with the property of another or assertion of title thereto, inconsistent with the rights of the owner, constitutes a conversion. This has no application to the present case. The plaintiff asserted no title to the stock prior to the sale. He advertised and exposed it for sale, as he supposed, pursuant to the contract of the defendant, having previously demanded payment of the note and sent notice of the time and place of sale to the office of the defendant, in Hew York, two days previous to the time fixed for that purpose. This notice was left there with the person in charge of the office, and the plaintiff believed that this notice was received by the defendant. Instead of a design on the *236 part of the plaintiff to sell in hostility to the rights of the defendant, he. intended to sell in strict conformity thereto. But the only thing effected was a purchase by the plaintiff, which the defendant could ratify and thus make valid, or disaffirm and thereby make it a nullity. Had the defendant ratified the sale it would have the effect of making it lawful in all respects, as though the notice had been personally received by him. By disaffirmance it became a nullity, and therefore no conversion. The defendant failing to show a conversion of the stock by the plaintiff, his defence entirely failed. But the defence failed had a conversion been shown. True, the judge found that the stock had been bought and sold at the Stock Exchange in the city of Hew York since the commencement of this action, and in or about the month of February, 1868, at thirteen per cent, or $6.50 a share. This, in the absence of any explanation, might be assumed to have been bona fide sales, and thus evidence of the value of the stock. But this finding should be construed in the light of the evidence, and that clearly shows that the sales were not real, but what is known, in the language of the street, as wash sales. It appears that the defendant and others holding the stock had a meeting previous to these sales, and agreed to keep their stocks, except a limited quantity, out of the market. The plain inference from the testimony is that the sales referred to in the finding were confined to these persons by pretending to buy and sell of each other for the purpose of giving a fictitious .value to the stock. This does not bring the case within the rule adopted in Markham, v. Jaudon, (41 N. Y., 245). In that case it was held that a party converting stock was liable to its owner for the highest price between the time of the . conversion and the trial. This, although in many cases operating very severely upon those who have acted in good faith, having honestly mistaken their rights (see opinion of Church, C. J, in Matthews v. Coe.), would not, if followed, aid the defendant, as the price then referred to was that paid upon real sales, showing the real market value of the stock. All that the defendant was *237 entitled to apply on the note, in case the stock had been converted by the plaintiff, was its value and interest. Failing to show that it had any value, he could have nothing applied. The judgment appealed from must be affirmed, with costs. All concur, except Andbews, J., not voting.
Judgment affirmed.